UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN QUINTANILLA, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>ZANBOFER INC. d/b/a DELICACIES GOURMET, ZANBOCAFE INC., 1354 OLD NORTHERN BLVD. INC., and JAMES ZANFARDINO,<br><br>Defendants. | **VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kevin Quintanilla ("Plaintiff" or "Quintanilla"), individually and on behalf of others similarly situated, by and through his attorneys, Jaspan Schlesinger Narendran LLP, upon his knowledge and belief, and as against Zanbofer Inc. d/b/a Delicacies Gourmet ("Zanbofer"), Zanbocafe Inc. ("Zanbocafe"), 1354 Old Northern Blvd. Inc. ("1354 Old Northern" and together with Zanbofer and Zanbocafe, the "Corporations"), and James Zanfardino ("Zanfardino," and together with the Corporations, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid overtime pay, spread-of-hours pay and other monies due to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the New York Labor Law §190, *et seq.* ("NYLL").

2. Upon information and belief, the Corporations own and operate several food service businesses, including a deli located in Roslyn, New York, multiple off-premises cafeterias, and a thriving event catering business.

3. The Corporations conduct business, collectively, under the name Delicacies Gourmet Delicatessen & Catering ("Delicacies Gourmet").

4. During the thirteen (13)-year duration of Plaintiff's employment, with the exception of an approximately 4-month period when he was hospitalized with Covid-19 and unable to work, he consistently worked far in excess of 40 hours per week, without receiving the statutorily required overtime pay for hours worked in excess of 40 hours.

5. Moreover, Defendants failed to pay Plaintiff the statutorily required spread-of-hours pay of an additional hour's pay for every day in which Plaintiff's shift exceeded ten (10) hours; failed to provide Plaintiff with accurate wage statements; and failed to provide statutorily mandated regular breaks during the workday.

6. Defendants paid Plaintiff in cash, and intentionally failed to maintain accurate records of hours worked or wages paid so that they could evade the federal and state labor laws.

7. Plaintiff seeks compensatory damages for unpaid overtime wages and spread-of-hours pay, liquidated damages, civil monetary penalties, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Further, Plaintiff seeks compensatory damages for money he invested in the Corporations as a result of Defendants' promises to convey to Plaintiff a 6% ownership of the business in or around June of 2019. Plaintiff paid Defendants $120,000 in cash in exchange for 6% of the shareholder interests in the business. Defendants failed to provide Plaintiff with his shares of the business, and were consequently unjustly enriched by his investment.

GSG / #1756901v1 / 0202740 - 082961

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b), and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1332 and 1367(a).

10. Venue is proper in this district under 28 U.S.C. 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate their business located in this district. Further, Plaintiff was employed by Defendants in this district.

**PARTIES**

11. Plaintiff Kevin Quintanilla is a natural person residing in the State of New York, County of Nassau.

12. Upon information and belief, Defendant Zanfardino is a natural person residing in the State of New York, County of Nassau.

13. Upon information and belief, Defendant Zanbofer is a New York corporation formed in or about May 2007, with its principal place of business in the State of New York, County of Nassau.

14. Upon information and belief, Defendant Zanbocafe is a New York corporation formed in or about May 2017 with its principal place of business in the State of New York, County of Nassau.

15. Upon information and belief, Defendant 1354 Old Northern is a New York corporation formed in or about November 2018 with its principal place of business in the State of New York, County of Nassau.

GSG / #1756901v1 / 0202740 - 082961

## FACTUAL ALLEGATIONS

16. During all times relevant herein, Zanfardino was and is a controlling shareholder and/or officer of the Corporations, and has control over the day-to-day operations of Delicacies Gourmet.

17. Zanfardino possesses operational control over Delicacies Gourmet.

18. The Corporations that comprise, and do business under the name, Delicacies Gourmet, are associated and joint employers, act in the interest of each other with respect to employees, and share control over the employees.

19. In the alternative, the Corporations constitute a single employer, over which Zanfardino exercises complete control.

20. At all relevant times herein, Zanfardino had the authority to hire and fire employees.

21. At all relevant times herein, Zanfardino supervised and controlled employees' work schedules.

22. At all relevant times herein, Zanfardino possessed control over employees' working conditions and policies and practices with respect to compensation.

23. In each year from 2015 to 2022, Delicacies Gourmet had gross annual sales volume of not less than $500,000.

24. Plaintiff was employed by Delicacies Gourmet from approximately June of 2009 until approximately May 31, 2022.

25. During his thirteen (13)-year period of employment, Plaintiff worked in every aspect of the Delicacies Gourmet business, including the deli, the cafeterias, and off-site catering events.

26. Plaintiff was also responsible for daily replenishment of food and supplies, and for maintaining an off-premises storage facility.

27. Plaintiff was integral to the growth of Delicacies Gourmet.

28. Beginning on or about June 1, 2009, and continuing until approximately May 31, 2015, Plaintiff worked at least six (6) days per week, twelve (12) hours per day, for a total of 72 compensable hours per week.

29. Beginning on or about June 1, 2015, Plaintiff's hours increased substantially, to the point that he was typically working **111 compensable hours per week**.

   a. On Mondays, Tuesdays and Wednesdays, Plaintiff worked from 5:00 a.m. to 2:00 p.m. at the cafeterias, and 2:00 p.m. to 8:00 p.m. at the deli. That is 15 hours per day, three (3) days per week.

   b. On Thursdays and Fridays, Plaintiff worked 5:00 a.m. to 2:00 p.m. at the cafeterias, and then 2:00 p.m. to 12:00 a.m. (midnight) at the deli and at off-premises catering events. That is 19 hours per day, two (2) days per week.

   c. On Saturdays and Sundays, Plaintiff worked from 8:00 a.m. to 10:00 p.m., both at the deli and at catering events. That is 14 hours per day, two (2) days per week.

30. At all times relevant herein, Defendants failed to provide Plaintiff with legally mandated work breaks.

31. During the relevant statutory period, Plaintiff was not exempt from the overtime requirements of the FLSA and the NYLL.

32. Defendants typically paid Plaintiff in cash.

33. Beginning in or around May 2020, Defendants began paying Plaintiff on a weekly basis with a check, drawn on an account in the name of "Delicacies Gourmet."

34. Defendants did not record the number of hours Plaintiff worked each week.

35. During the relevant statutory time period, the Plaintiff was paid at or below the New York State statutory minimum hourly wage.

GSG / #1756901v1 / 0202740 - 082961

36. Plaintiff was paid the same hourly wage for all of the hours he worked, including those over forty (40) in a workweek.

37. Defendants failed to pay Plaintiff "spread of hours" pay equaling one hour of minimum wage for each day that he worked at least ten (10) hours, as is mandated by 12 N.Y.C.R.R. §142-2.4.

38. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to maintain accurate and complete time sheets and payroll records for Plaintiff.

39. Defendants failed to provide Plaintiff with accurate wage statements at the time of payment of wages, containing dates of work covered by that payment.

**The Promise of Shareholder Interest**

40. Plaintiff worked these long hours and accepted hourly wages =below that which was legally mandated in reliance upon a promise made by Defendants that he would eventually allow Plaintiff to become a shareholder of the Corporations.

41. As of January 2019, Zanfardino owned 50% of the 200 issued and outstanding shares of the Corporations. The other 50% of the shares were owned by Rocco Bove ("Bove"), who had acquired his interest over the several years by buying out prior shareholders.

42. In January 2019, Bove began considering options to exit the business so that he could pursue other opportunities.  Knowing that Plaintiff was eager to become a shareholder, Bove proposed that Plaintiff purchase 3% of his shares, and 3% of Zanfardino's shares, for a total purchase price of $120,000.

43. Zanfardino reluctantly agreed.

6

44. In or about June 2019, Plaintiff gave $120,000.00 in cash to Bove, with $60,000 to be applied to purchase 3% of Zanfardino's shares, and $60,000 to be applied to purchase 3% of Bove's shares (the "Cash Payment").

45. Plaintiff incurred debt to make the Cash Payment, borrowing the money from two different individuals.

46. No written record was made to memorialize the Cash Payment.

47. Following the Cash Payment, Plaintiff sent numerous texts to Bove and Zanfardino requesting that they prepare documentation confirming the Cash Payment and Plaintiff's 6% shareholder interest.

48. Bove agreed to do so, however Zanfardino repeatedly failed to respond.

49. Upon information and belief, Zanfardino later acknowledged in writing that Plaintiff gave the Corporations $90,000.00. That writing, however, was never provided to Plaintiff.

50. Throughout the remainder of 2019, Bove negotiated to sell the remainder of his shares, either to Zanfardino or to a third party.

51. In March 2020, Bove contracted Covid-19 and did not return to work.

52. During that year, Bove's relationship with Zanfardino deteriorated, and Bove commenced litigation.

53. On or about October 2021, Bove sold his remaining 47% interest in the Corporations to Zanfardino.

54. The purchase price thus reflected the fact that Plaintiff had previously purchased 3% of Bove's 50% interest in the Corporations to Plaintiff, as he had purchased 3% of Zanfardino's 50% interest.

GSG / #1756901v1 / 0202740 - 082961

55. However, Plaintiff never received a Form K-1 reflecting his 6% shareholder interest.

56. Plaintiff never received any shareholder distributions from the Corporations.

57. In December 2021, Plaintiff became ill with Covid-19, and was hospitalized. Plaintiff was unable to return to work until after Easter the following year.

58. During Plaintiff's illness, Zanfardino did not communicate with Plaintiff, nor did he remit any payments.

59. When Plaintiff returned to work in late April 2022, he advised Zanfardino that he no longer wished to be involved in the business as a shareholder or otherwise, and demanded that Zanfardino return his $120,000.

60. Zanfardino refused to do so.

## FIRST CAUSE OF ACTION
**(Violation of the overtime provisions of the FLSA)**

61. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

62. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

63. Beginning on or about June 1, 2015 through the termination of his employment on or about May 31, 2022, Plaintiff worked approximately seventy-one (71) hours in excess of forty (40) hours in a work week.

64. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff was damaged in an amount to be determined at trial, but not less than two times the amount that Plaintiff should have received in overtime pay.

## SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York State Labor Law)**

66. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

67. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Beginning on or about June 1, 2015 through the termination of his employment, Plaintiff worked approximately seventy-one (71) hours in excess of forty (40) hours in a work week.

69. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70. Plaintiff was damaged in an amount to be determined at trial, but not less than four times the amount that Plaintiff should have been paid in overtime based upon his wages over the six (6)-year period.

## THIRD CAUSE OF ACTION
**(Violation the Spread of Hours Wage Order)**

71. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

GSG / #1756901v1 / 0202740 - 082961

72. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of N.Y. Lab. Law §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

73. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)**

75. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

76. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by the N.Y. Lab. Law § 195(1).

77. Defendants are liable to Plaintiff in the amount of $5,000 in statutory damages, plus attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
**(Violation of the Wage Statement Provisions of the New York Labor Law)**

78. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

79. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by N.Y. Lab. Law 195(3).

80. Defendants are liable to Plaintiff in the amount of $5,000 in statutory damages, plus attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Against Defendant Zanfardino)**
**(Promissory Estoppel)**

81. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

82. Defendant Zanfardino promised Plaintiff that if he devoted the necessary time and hard work to the Corporations' deli, cafeteria, and catering businesses, he would have the opportunity to buy a shareholder interest in the Corporations.

83. In reliance upon the promise, Plaintiff worked between 72 and 111 compensable hours per week, for at least six (6) years, without receiving legally mandated compensation or scheduled breaks.

84. In June 2019, in furtherance of the promise, Zanfardino and Bove agreed to each sell 3% of their shareholder interests in the Corporations to Plaintiff for a purchase price of $120,000.

GSG / #1756901v1 / 0202740 - 082961

85. In reliance upon the promise, in June 2019, Plaintiff gave the Corporations $120,000 in cash to purchase toward a shareholder interest.

86. Plaintiff was an unsophisticated, undocumented worker, whose vulnerability Defendant Zanfardino exploited for his own personal gain.

87. Plaintiff's reliance on the promise was justified, given his vastly different level of power, knowledge, and recourse.

88. In October 2021, Zanfardino purchased all of Bove's shares in the Corporations.

89. Despite due demand, Zanfardino has failed to acknowledge Plaintiff's 6% shareholder interest, or to return the Cash Payment.

90. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but no less than $120,000, plus interest from the date of the Cash Payment.

## SEVENTH CAUSE OF ACTION
(Unjust Enrichment)

91. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

92. Defendants were unjustly enriched by receiving $120,000 in cash from Plaintiff, without providing Plaintiff a shareholder interest in return.

93. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but no less than $120,000, plus interest from the date of the Cash Payment.

## PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, awarding:

A. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

B. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

C. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

D. Awarding Plaintiff damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under FLSA as applicable;

E. Awarding Plaintiff liquidated damages in an amount equal to three hundred percent (300%) of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C, § 216(b);

F. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the N.Y. Lab. Law as to Plaintiff;

G. Declaring that Defendants violated the spread-of-hours requirements of the N.Y. Lab. Law and supporting regulations as to Plaintiff;

H. Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff;

I. Awarding Plaintiff liquidated damages in an amount equal to three hundred percent (300%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to N.Y. Lab. Law §§ 191(1)(a), 198;

J. Declaring that Defendants violated the notice and recordkeeping requirements of the N.Y. Lab. Law with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

K. Declaring that Defendants' violation of the provisions of the N.Y. Lab. Law and spread of hours wage order were willful as to Plaintiff;

L. Awarding Plaintiff damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the N.Y. Lab. Law as applicable;

M. Awarding Plaintiff damages for Defendants' violation of the N.Y. Lab. Law notice and recordkeeping provisions, pursuant to N.Y. Lab. Law § 198(1-b), 198(1-d);

N. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owned pursuant to N.Y. Lab. Law § 663 as applicable; and liquidated damages pursuant to N.Y. Lab. Law § 198(3);

O. Awarding Plaintiff damages in the amount of $120,000, plus interest from the date of the Cash Payment.

P. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

Q. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

R. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment or ninety days after expiration of the time to appeal and no appeal is then pending whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by N.Y. Lab. Law § 198(4); and

S. All such other and further relief as the Court deems just and proper.

GSG / #1756901v1 / 0202740 - 082961

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Dated:   Garden City, New York
         February 1, 2024

                                    **JASPAN SCHLESINGER NERANDRAN LLP**
                                    *Attorneys for Plaintiff*

By: /s/_____
      GAYLE S. GERSON
      JILLIAN L. MCNEIL
      200 Garden City Plaza, 5th Floor
      Garden City, New York 11561
      Telephone: (516)746-8000

**VERIFICATION**

STATE OF NEW YORK    )
                    ) ss:
COUNTY OF NASSAU     )

**KEVIN QUINTANILLA**, being duly sworn, deposes and says:

I am the Plaintiff in this action, and I have read the annexed **VERIFIED COMPLAINT**, and confirm that the allegations therein are true to my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe them to be true. The basis of my knowledge is personal knowledge.

_____
KEVIN QUINTANILLA

Sworn to before me on this
7th day of Feb. 2024.

_____
Notary Public
VIKRAM S RANA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6376926
Qualified in Suffolk County
My Commission Expires 06-25-2026

GSG / #1756901v1 / 0202740 - 082961